UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE ALDAJUSTE,

    Plaintiff,

v.                                            Case No: 2:21-cv-48-JLB-MRM

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.

## **ORDER**

These insurance disputes began when Plaintiff Marie Aldajuste sued her insurer, Defendant GeoVera Speciality Insurance Company ("GeoVera") in Florida state court. Ms. Aldajuste brought three separate lawsuits seeking coverage under the same insurance policy for three purportedly different losses. (Docs. 1-2, 1-9, 1-14.) The state court consolidated the cases "for the purpose of discovery." (Doc. 1-17 at 48–49.) GeoVera then filed a Notice of Removal with this Court based on diversity jurisdiction. (Doc. 1.)

The Notice of Removal states that the "amount in controversy is approximately $118,936.81, excluding Plaintiff's claims of attorneys' fees and costs." (Id. ¶ 6.)[1] Ms. Aldajuste moves to remand, arguing that GeoVera's removal was untimely, and that GeoVera has not established that the amount in controversy

---

[1] The parties do not dispute that they are citizens of different states for purposes of diversity jurisdiction.

exceeds $75,000.  (Doc. 8.)  For the reasons below, the Court agrees with Ms. Aldajuste.  Accordingly, this case is **REMANDED**.

BACKGROUND

Ms. Aldajuste filed her first lawsuit against GeoVera on June 17, 2019.  (Doc. 1-2.)  She later amended that complaint on October 1, seeking coverage for alleged water damage that occurred around June 16, 2018.  (Doc. 1-4.)  Her second complaint, which she filed on July 23, 2020, sought coverage for water damage that occurred around May 1, 2018.  (Doc. 1-9.)  And her third complaint, seeking coverage for losses due to Hurricane Irma occurring around September 10, 2017, was filed on August 10, 2020.  (Doc. 1-14.)  Again, while these pleadings seek coverage for ostensibly different losses, they do so under the same policy Ms. Aldajuste maintained with GeoVera.

GeoVera moved to consolidate all three cases on October 12, 2020, arguing that the "issues in the cases are substantially the same" and requesting "that the cases be consolidated in their entirety inclusive of all pleadings and discovery."  (Doc. 1-7 at 117–22, 119 ¶ 7.)  But on December 15, 2020, the state court consolidated the individual cases for the purpose of discovery only and reserved ruling on consolidation "for any other purpose."  (Doc. 1-17 at 48–49.)  A little over a month later, GeoVera filed its Notice of Removal with this Court, treating all three state cases as a single, consolidated federal case.  (Doc. 1.)

## DISCUSSION

**I.     GeoVera's removal was untimely**.

Removal must be timely.   See 28 U.S.C. § 1446; <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 756 (11th Cir. 2010).   Specifically, section 1446 provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).   And if a diversity case is not removable "solely because the amount in controversy" does not exceed $75,000, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper.'"   28 U.S.C. § 1446(c)(3)(A).   In any event, a party may not remove a case under diversity jurisdiction based on an amended pleading, motion, order, or other paper "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent [removal]."   <u>Id.</u> § 1446(c)(1). In sum, whether GeoVera learned that "this case" was removable from either the face of Ms. Aldajuste's complaints or from some "amended pleading, motion, order or other paper," it only had thirty days to file its Notice of Removal after receiving the necessary information.

Here, GeoVera correctly notes that "none of the initial pleadings, on their face, clearly indicates federal jurisdiction," and it therefore filed its Notice of Removal well after thirty days from receiving any of the three initial

3

pleadings. (Docs. 1, 25 at 6.) Ms. Aldajuste presumes that GeoVera first ascertained that these cases were removable when the state court entered its consolidation order on December 15, 2020. (Doc. 8 at 4–5.) She points out that if GeoVera relied on that consolidation order, then its removal some thirty-five days later would certainly be untimely. Additionally, Ms. Aldajuste notes that GeoVera removed the June 17, 2019 lawsuit more than one year after she filed it, thereby making removal of that case untimely under 28 U.S.C. § 1446(c)(1).

For its part, GeoVera argues that it could not ascertain removability from the face of Ms. Aldajuste's initial pleadings, and that "more information was required." (Doc. 25 at 7.) But it does not identify an amended pleading or motion that it relied on. GeoVera also claims that the state circuit court's consolidation order was "insufficient to notify [it] that the clock [for removal] ha[d] started" because that order "itself does not clearly establish federal jurisdiction making removal improper." (Id. at 6–7.) The logical implication of these representations (or lack thereof) is that GeoVera necessarily relied on some "other paper" it received <u>after</u> the consolidation order in removing the state court cases.

The problem, however, is that GeoVera never identifies that "other paper." Cryptically, it states that the "final determination that removal was warranted based on the information available and research supporting same was made January 13, 2021. The Notice of Removal was filed 7 days later." (Id. at 7.) Rather than explain what this "information" is, GeoVera dances around the point and raises other arguments in passing—none of which the Court finds persuasive.

Despite claiming it did not rely on the consolidation order, GeoVera argues that Ms. Aldajuste's state court opposition led to a "confusing" order, thereby tolling the thirty-day period for removal. (Id.) It also argues that the time for removal was tolled because Ms. Aldajuste failed to fully respond to discovery. (Id.) Notably, GeoVera recognizes the one-year limitation period for removal of diversity actions but only claims that the initial June 17, 2019 lawsuit "was not removable in and of itself as the disputed value was below $15,000 per the pleading." (Id. at 8.) Then, it simply concludes that "the notice of removal was timely." (Id.)

GeoVera's failure to identify a specific paper that would otherwise make its removal timely is fatal to its argument. See Wachovia Mortgage, FSB v. Marquez, No. 12-10041-CIV, 2012 WL 13014712, at *2 (S.D. Fla. July 18, 2012) ("Defendant has not identified any 'amended pleading, motion, order or other paper' filed by [p]laintiffs that would trigger removal. Therefore, removal is untimely under section 1446(b)."), adopted, 2012 WL 13014756, (S.D. Fla. Aug. 30, 2012); see also Jordan v. Aarismaa, 896 F. Supp. 94, 96 (N.D.N.Y. 1995) ("These conclusory statements alleging that the defendant could not ascertain his federal claim from the plaintiff's complaint and that he did so only from some other unidentified documents are not sufficient to make his notice of removal timely."). A thorough review of the Notice of Removal and its accompanying exhibits likewise identifies no "other paper" GeoVera could have relied on for a timely removal. Delgado v. Lincoln Transp. Servs., Inc., No. CV 19-09449-CJC(SKx), 2019 WL 7208416, at *2 (C.D. Cal. Dec. 27, 2019) ("The Notice of Removal does not identify any other

5

document that would make removal timely . . . . The Court therefore agrees that []
removal was untimely . . . .").[2]

The Court thus determines that GeoVera's removal was untimely.[3] But
even if the Court gave GeoVera the benefit of the doubt on this point and
determined that removal was indeed timely, GeoVera has still not established that
the amount in controversy exceeds $75,000.

**II.    GeoVera has not met its burden in establishing the amount in controversy.**

    **A.    GeoVera's burden under <u>Lowery</u>**.

If removal occurs within thirty days of receiving a summons or initial
pleading, then the removing party must show by a preponderance of the evidence
that the amount in controversy more likely than not exceeds $75,000. See <u>Roe v.
Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1060–61 & n.2 (11th Cir. 2010) (discussing
removals under then-28 U.S.C. § 1446(b) (2012)). But in <u>Lowery v. Alabama Power
Co.</u>, the Eleventh Circuit held that if a party removes beyond the thirty-day

---

[2] The only thing remotely resembling an "other paper" would be Ms. Aldajuste's discovery response about repair estimates. (<u>See</u> Doc. 1-7 at 63 ¶¶ 6, 9.) Yet those were served on February 12, 2020, and GeoVera later moved to compel on April 1, claiming it never received any such estimates. (<u>Id.</u> at 82.) Suffice to say that those estimates are not attached to the Notice of Removal.

[3] "The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived." <u>Loftin v. Rush</u>, 767 F.2d 800, 805 (11th Cir. 1985), <u>abrogated on other grounds</u>, <u>Ariail Drug Co. v. Recomm Int'l Display, Inc.</u>, 122 F.3d 930, 931 (11th Cir. 1997). "However, the failure to waive the timeliness issue requires the district court to remand the case in most instances." <u>Id.</u> Here, Ms. Aldajuste did not waive the issue because she moved for remand—challenging the timeliness of GeoVera's removal—less than thirty days after the Notice was filed. See <u>Shipley v. Helping Hands Therapy</u>, No. 19-13812, 2021 WL 1805708, at *2–3 (11th Cir. May 6, 2021).

6

deadline after receiving some "other paper," "that document and the notice of removal [must] <u>unambiguously establish</u> federal jurisdiction." 483 F.3d 1184, 1213 (11th Cir. 2007) (emphasis added); see also <u>Pretka</u>, 608 F.3d at 762–63, 767 (constricting <u>Lowery</u>'s "unambiguously establish" standard to "other paper" removals, previously known as "second paragraph removals" under then-28 U.S.C. § 1446(b)(3) (2012)).[4]

The Notice of Removal states that the "amount in controversy is approximately $118,936.81, excluding Plaintiff's claims of attorneys' fees and costs" but does not explain how GeoVera calculated this sum. (Doc. 1 at 3.) Nor do any exhibits accompanying the Notice shed light on how this number is derived. Under <u>Lowery</u>, it seems this alone would necessitate remand. 483 F.3d at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the

---

[4] "[D]istrict courts across the Eleventh Circuit have struggled to apply these standards uniformly." <u>Heath v. ILG Techs., LLC</u>, No. 1:20-CV-3130-TWT, 2020 WL 6889164, at *3–4 (N.D. Ga. Nov. 24, 2020). <u>Lowery</u> did not abolish the "preponderance of the evidence standard." 483 F.3d at 1210, 1221 ("[W]e note that the defendants' notice of removal contained no document clearly indicating that the aggregate value of the plaintiffs' claims exceeds [$75,000] and, as such, they are unable to establish federal jurisdiction by a preponderance of the evidence."). Instead, it seems <u>Lowery</u>'s holding—governing only "second paragraph" removals—is an evidentiary standard. See <u>Heath</u>, 2020 WL 6889164, at *4 (applying "unambiguously establish" standard to removal evidence weighed by preponderance of the evidence standard); <u>Burrows v. State Farm Mut. Auto. Ins. Co.</u>, No. 8:17-cv-1927, 2018 WL 1470168, at *1 (M.D. Fla. Mar. 26, 2018) (under <u>Lowery</u>, the "defendant must receive, not generate or compile, the 'other paper' containing 'an unambiguous statement that clearly establishes federal jurisdiction'" (footnote and citation omitted)); see also <u>Pretka</u>, 608 F.3d at 761 (discussing <u>Lowery</u>'s holding that "an initially non-removable case 'cannot be <u>converted</u> into a removable one <u>by evidence of the defendant</u> or by an order of the court.'" (citation omitted, emphasis in original)).

court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.").

**B.      The effect of state court consolidation on removal**.

Looking to its response, GeoVera relies on Ms. Aldajuste's Rule 26 disclosures in arguing that the total amount in dispute is actually "$136,711.92 (before deductibles)." (Doc. 25 at 3.) GeoVera does not attach the Rule 26 disclosures but, even if it had, its reliance would be misplaced. Assuming the $136,711.92 figure is correct, that amount would represent what Ms. Aldajuste seeks across all three lawsuits. On this point, GeoVera unpersuasively relies on a line of cases holding that a court can aggregate all the claims a single plaintiff brings against a single defendant within <u>one lawsuit</u> when calculating the amount in controversy. (See Doc. 25 at 4–5.) Those cases are inapplicable because that is not the situation at hand.

The relevant inquiry is under what circumstances may a court aggregate the value of a plaintiff's claims originally presented in <u>three separate lawsuits</u> for purposes of federal jurisdiction. The "few federal courts that have considered the effect of state consolidation on jurisdiction have found that, under certain circumstances, where two actions are consolidated into a single action, state-ordered consolidation may affect jurisdiction and removability." <u>In re MTBE Prods. Liab. Litig.</u>, 399 F. Supp. 2d 340, 353 (S.D.N.Y. 2005). In particular, federal courts should determine whether "the state consolidation destroyed the identity of

8

each suit and merged them into one." Id. (citing Bley v. Travelers Ins. Co., 27 F. Supp. 351, 356, 358 (S.D. Ala. 1939)).

State law governs this determination. See Hill v. United Ins. Co. of Am., 998 F. Supp. 1333, 1338 (M.D. Ala. 1998) (looking to state law "in determining whether the jurisdictional amount has been met" given the amount in controversy in "three separate complaints"); Poole v. Poppell, No. 18-6921, 2019 WL 1397944, at *1 (E.D. La. Mar. 27, 2019) ("The state law definition and parameters of 'consolidation' guide the federal court's analysis in ruling on the motion to remand." (citing White v. Fisher-Price, Inc., No. 1:96CV114-D-D, 1996 WL 408051, at *3–4 (N.D. Miss. June 24, 1996))). In Florida, "[w]here cases are consolidated for discovery and trial, they do not lose their individual identities as distinct, separately filed actions." SPS Dev. Co. v. DS Enterps. Of Palm Beaches, Inc., 970 So. 2d 495, 497 (Fla. 4th DCA 2007) (noting apparent distinction between cases consolidated for discovery and trial and cases consolidated "for all matters"); see also OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 115–16 (Fla. 5th DCA 2005).

To that end, the state court could not have been any clearer that the three individual cases were "consolidated for the purpose of discovery," and that the court otherwise "reserve[d] ruling on consolidation for any other purpose." (Doc. 1-17 at 48–49 (emphasis added).) So, in essence, GeoVera is taking three separate cases that the state circuit court consolidated only for discovery purposes and, on its own initiative, consolidating them into one federal case to satisfy the amount in controversy requirement through impermissible aggregation. Simply put, "[t]he

9

Court is aware of no procedural mechanism in either state or federal court whereby a defendant can unilaterally, without court intervention, consolidate [three] cases—even if they have many aspects in common." Dockery v. Hartford Ins. Co. of the Midwest, No. 19-21904-Civ, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (emphasis added).[5] Absent a state court order consolidating the three lawsuits for all purposes, GeoVera cannot combine the value of the three lawsuits in satisfying the amount in controversy on removal because they remain distinct actions.[6] Thus, not only was GeoVera's removal untimely, but the Court finds that it lacks subject matter jurisdiction over this dispute.

---

[5] Naturally, had the state circuit court consolidated the three cases for all purposes, then this Order would read differently. See, e.g., Elite Mitigation Servs. LLC v. Westchester Surplus Lines Ins. Co., No. 5:19-cv-381, 2019 WL 10888657, at *1 (N.D. Fla. Nov. 22, 2019) (finding aggregate value of claims in two individual lawsuits satisfied jurisdictional amount in controversy because the "[p]laintiff's claims against [d]efendant were filed in two individual suits that were subsequently consolidated into a single action by the state court" (citing Cottman Transmission Sys., LLC v. Bence, No. CIV.A. 03-5467, 2004 WL 98594, at *2 (E.D. Pa. Jan. 15, 2004))). But that is not what happened here.

[6] As a final point, GeoVera argues that the Court must consider Ms. Aldajuste's claim for attorneys' fees. (Doc. 25 at 5.) This is a somewhat confusing position as the figures GeoVera provides already exceed the $75,000 limit thereby making the point moot. In any event, GeoVera provides no calculations or evidence of the dollar amount for those fees, instead stating: "Defendant is doubtful that Plaintiff wishes to forgo her claim for attorneys [sic] fees. Since she is making such claims, the jurisdictional requirement of this court is met." (Doc. 25 at 5.) Again, GeoVera provides no evidence whatsoever on this issue, and simply stating that the "jurisdictional requirement of this court is met" does not satisfy its burden on removal. See Cohen v. Office Depot, Inc., 204 F.3d 1069, 1080 n.10 (11th Cir. 2000) ("Arguably, when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny"); Lacombe v. Geovera Specialty Ins. Co., No. 20-CIV-61016, 2020 WL 6079273, at *3 (S.D. Fla. July 23, 2020) ("There is simply no evidence in the record that permits the Court to draw a reasonable inference regarding [p]laintiff's counsel's actual fees and costs to date.").

### III. Ms. Aldajuste is entitled to fees and costs.

Finally, the Court addresses Ms. Aldajuste's request for fees and costs under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In Martin, the Supreme Court explained:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 140.

Here, there is a strong argument to be made that GeoVera lacked an objectively reasonable basis in removing the underlying state court actions.[7] GeoVera's Notice lacks critical information justifying its removal and nothing it attaches to the Notice supports its amount in controversy—in fact, GeoVera pivots to Ms. Aldajuste's Rule 26 disclosures for this "evidence." Simply put, "the Notice was patently improper." Tran v. Waste Mgmt, Inc., 290 F. Supp. 2d 1286, 1295–96 (M.D. Fla. 2003). Then, GeoVera "failed to provide a reasonable argument in support of" its removal—choosing instead to raise undeveloped arguments in a

---

[7] GeoVera argues that "[a]warding [a] fee [under section 1447(c)] now would be premature and could lead to confusion again in the final resolution of the matter" on remand because Ms. Aldajuste's state court complaints already seek fees under Fla. Stat. § 627.428. (Doc. 25 at 9.) The Court has full confidence that Florida's state courts are more than capable of navigating such a situation.

11

conclusory fashion with no supporting evidence. Devine v. Prison Health Servs., Inc., 212 F. App'x 890, 893 (11th Cir. 2006). One need only look to GeoVera's abstruse argument about why its removal was purportedly timely and note its failure to specify what, if anything, it relied on to trigger the removal clock. See, e.g., Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 893–94 (11th Cir. 2011) ("The untimeliness of [d]efendants' Notice of Removal makes the removal even more unreasonable and therefore further supports the district court's conclusion that an award of attorneys' fees was appropriate in this case.").

At bottom, the Court finds that an award of fees under section 1447(c) would deter similar removals which serve only the purpose of prolonging litigation and unjustly burdening the plaintiff with unnecessary expenses.[8]

Accordingly, it is **ORDERED**:

1. Ms. Aldajuste's motion for remand (Doc. 8) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to **REMAND** these three consolidated cases to the Twentieth Judicial Circuit in and for Collier County, Florida (case no. 11-2020-CA-2539), terminate any pending deadlines, and administratively close the file.

---

[8] In reaching this conclusion, the Court does not factor GeoVera's aggregation argument because there "is no binding Eleventh Circuit authority regarding" the consolidation issue presented in this case. Mavromatis v. GeoVera Specialty Ins. Co., No. 8:18-cv-2146, 2019 WL 3543707, at *3 (M.D. Fla. Aug. 5, 2019). Rather, as outlined above, the Court notes the deficient Notice of Removal, GeoVera's lack of meaningful argument in support of removal, and the untimeliness of the same.

3. The Court retains jurisdiction solely for the purpose of determining the amount of fees and costs awarded to Ms. Aldajuste under 28 U.S.C. § 1447(c).

4. **The Court strongly encourages the parties to confer and agree upon a reasonable amount of attorneys' fees and costs**. The parties are **DIRECTED** to file a joint stipulation as to those fees and costs **on or before June 17, 2021**.

5. In the alternative, Ms. Aldajuste is **DIRECTED** to file a memorandum establishing the amount of attorneys' fees and costs to which she is entitled **on or before June 17, 2021**. If GeoVera contests that amount, it must file a response in opposition within fourteen days of Ms. Aldajuste's memorandum.

**ORDERED** at Fort Myers, Florida, on June 3, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE